IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF PHEBE C. HAVILAND, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF JOHN COCKS, DECEASED.

*When a cestui que trust, who is bequeathed a sum certain, as the interest of a fund to be set aside for that purpose, is entitled, in default of such interest, to be paid from the principal.*

A testator having by his will directed his executors to invest such sum as would net $1,000 a year, " and from such sum so invested to pay to my beloved wife Adelia Cocks, the sum of $1,000 per year from my decease," the executors invested $10,000 at an interest of ten per cent. At the time of the application hereinafter mentioned all that remained of the principal of said sum was some $4,350, on which there was almost $3,000 of accrued interest, and the amount of the arrear of the annuity due to the widow was claimed by her to be in excess of $10,000.

The widow applied to the Surrogate's Court for an order directing the payment to her of the whole principal sum, which was refused, the court deciding that she was entitled only to the accummulated interest of the fund and to such as might accummulate upon the principal thereafter.

*Held*, error; and that the decree of the surrogate should be so modified as to direct the payment of the entire residue of said fund to the widow on account of her annuity.

APPEAL by Adelia Cocks from that portion of the decree, entered in the above-entitled matter in the Surrogate's Court of Westchester county, which denied her petition to have applied toward the payment of arrears of annuity to which she was entitled under the provisions of the will of John Cocks, deceased, the residue of the decedent's estate in the hands of his executrix.

The testator died, leaving a will which was admitted to probate on the 29th day of June, 1868, which contained, among others, the following provisions:

"*First.* I direct my executors, hereinafter named, and the survivors of them, to invest such sum of my property as will net one thousand dollars over and above all taxes and assessments per year, upon bond and mortgage upon real estate in the county of Westchester, within three months after my decease, and from such sum so invested to pay to my beloved wife Adelia Cocks, the sum of one thousand dollars per year, from my decease, and to be paid to her by my said executors, semi-annually, so long as she shall remain my

widow unmarried, and no longer, and this provision to my said wife
is in lieu of dower."

*James A. Hudson*, for Adelia Cocks, petitioner, appellant.

*M. L. Cobb*, for Phebe C. Haviland, respondent.

*Wm. M. Skinner, Jr.*, for the infants, Anna Cocks and Virginia
Cocks, and minor children of David Cocks, deceased, respondents.

BARNARD, P. J. :

John Cocks, by his will, made a provision for his wife as follows :
He directed his executors " to invest such sum of my property as
will net one thousand dollars, over and above all taxes and assessments,
per year, upon bond and mortgage upon real estate in the county of
Westchester, within three months after my decease, and, from such
sums so invested, to pay to my beloved wife, Adelia Cocks, the sum
of one thousand dollars per year from my decease, and to be paid to
her by my said executrix semi-annually, so long as she shall remain
my widow, unmarried, and no longer, and this provision to my said
wife is in lieu of dower."   Although the estate was amply sufficient
to provide a fund for the above annuity, if measures to that effect
had been taken, it was not done, but the residuary legatees, who
were all named as executors, and who had all qualified, divided
almost the entire estate, which was large, among themselves.   They
made fitful and uncertain payments on the annuity for sometime,
and then the payments altogether ceased.   The amount now due to
the widow for back annuities is $10,175.25, and the estate left is of
principal, $4,354.70.   The decree directs the payment of the interest
remaining in the executor's hands to the petitioner, and the
principal sum to be invested, and the interest on that only to be
paid to the widow in lieu of her $1,000 annuity.   This is a hard
result, and, I think, one not supported by the cases.   It is a well-
settled rule that where a legacy or annuity is payable solely out of
income, and the fund fails to produce the sum required, the legacy
abates in proportion to the loss of capital or fund.   This rule is not
one that is universally applicable to all annuities given to be paid
out of income.   If, from the will, an intention can be discovered
that the legacy shall be paid at all events, the intention will not be

permitted to be overruled by the direction that the annuity is to be raised out of a particular fund. The case of *Pierrepont* v. *Edwards* (25 N. Y., 128) is a case very much like the present one. A testator gave an annuity, payable " out of the income of my estate." The property was so unproductive that the income was not equal to the charge on it, although the estate had productive property to a considerable amount. The Court of Appeals held that the legacy was payable to the wife, out of the principal of the estate, because otherwise the wife would get nothing, and the residuary legatees would alone be benefited. The executors were held to be bound to produce an annuity, or in some other way to secure the payment of the annuity.

The present case seems much stronger in favor of the widow. She accepted the annuity in lieu of dower, and the testator owed the annuity as purchase-money. (2 Redf. on Wills, 747.) In the next place the executors have failed to set apart a fund to raise the annuity, but have distributed a very large part (some $85,000) of the estate among themselves. It is manifest that the testator intended to charge this annuity upon his entire estate until this fund was set apart. If the executors, who were the residuary heirs, can reduce the estate by division among themselves, and fail to set apart the fund, and thus reduce the annuity to about $200, the result is in every way inequitable.

The decree of the surrogate should be modified so as to direct the payment of the entire residue to the widow on account of her annuity, with costs to the appellant of this appeal.

PRATT, J., concurred.

DYKMAN, J. (dissenting):

This is an appeal by the widow of the deceased testator from so much of the decree of the surrogate as denies her petition to compel the executrix, having custody of the remnant of the estate of John Cocks, deceased, to apply the same toward the payment of arrears of annuities· due to the petitioner under the last will and testament of her said husband. By one of the provisions in the will the testator directed his executors to invest sufficient of his estate on bonds and mortgages on real estate in Westchester county to produce a net income of $1,000 a year, and to pay such income over to

his widow in half yearly payments so long as she should remain unmarried.

All of the children of the testator and his wife and the husbands of such of them as were married were appointed executors of the will, and all of them qualified. No investment was ever made as directed by the will, or in any other manner, but the sum of $10,000 was invested in one of the western states at an interest of ten per cent to produce the annuity of $1,000, provided for by the testator in favor of his widow, and the remainder of the estate was divided among the residuary legatees.

All that now remains of the principal of the estate is $4,350, together with nearly $3,000 of accrued interest, and the amount of the arrears of the annuity due to the widow is equal to the accrued interest and the principal now remaining; and the question before the surrogate was whether he should direct the payment of the whole to the widow, and he decided that the widow was entitled only to the accumulated interest of the fund, and such as might accumulate upon the principal hereafter.

It was plainly the intention of the testator that the annuity provided for his wife should be paid out of the income of the money to be invested in her favor for that purpose, and that the body of the estate should remain until the death of the annuitant.

The annuity was to be paid out of the sum invested; the residue of the estate was given in equal shares to the children, and their legacies were to be paid at the end of a year after the testator's death, and the whole of the estate was thus disposed of by the testator leaving nothing to which resort could be had to make good any deficiency which might accrue by the misconduct or misfortune of the executors.

Our conclusion is that the widow was entitled only to the interest of the residue of the body of the estate remaining in the executors' hands which is given to her in the decree from which the appeal is taken, and the same should be affirmed, with costs

Decree of surrogate modified by directing payment of entire residue of estate to widow, with costs to the appellant of this appeal.